THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JIMMY WOODARD | : | |
| Plaintiff, | : | |
| v. | : | 5:09-CV-428 (CAR) |
| WAL-MART STORES EAST, L.P., and DAMON MANNING | : | |
| Defendants. | : | |

*ORDER ON MOTION TO REMAND*

This case is before the Court on Plaintiff's Motion to Remand [Doc. 4]. Plaintiff asserts that Defendant Wal-Mart's removal of this action was improper and moves the Court to remand the case back to the State Court of Bibb County, Georgia, where the case was originally filed. Wal-Mart filed a Response to the Motion [Doc. 8] alleging fraudulent joinder. After review of the arguments of the parties and relevant authorities, the Court finds that Plaintiff has fraudulently joined Defendant Damon Manning in order to defeat diversity jurisdiction in this Court. Accordingly, and for the reasons discussed below, Plaintiff's Motion to Remand is hereby **DENIED**, and Defendant Damon Manning is **DISMISSED** as a party to this action.

## BACKGROUND

The present action is a premises liability claim arising under the laws of Georgia. On November 5, 2007, Plaintiff tripped over a display case and injured himself in the Wal-Mart store located at 6020 Harrison Road, Macon, Georgia. Plaintiff originally brought this suit in the State

Court of Bibb County, Georgia, against both Wal-Mart and Damon Manning. Plaintiff alleges that Manning was the manager at the time of his injuries and is liable for active negligence and misfeasance. After review of the Complaint, Wal-Mart filed a timely Answer and Notice of Removal [Doc. 1] of the action to this Court based on diversity of citizenship jurisdiction.

Plaintiff then filed the present motion seeking remand to state court, arguing that the Court does not have diversity jurisdiction because both Plaintiff and Defendant Manning are citizens of Georgia. Wal-Mart, however, argues in its Response that Manning was fraudulently joined and therefore the case was properly removed. Attached to Wal-Mart's Response is the Affidavit of Damon Manning [Doc. 8, Ex. C] wherein he avers that he did not begin working for Wal-Mart until September 28, 2009 – almost two years after Plaintiff's incident.

## DISCUSSION

Federal courts have subject matter jurisdiction over state law claims only where the dispute is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In order for removal to be proper, complete diversity of citizenship must exist, meaning that every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). In this case, Plaintiff is a citizen of Georgia, Defendant Wal-Mart is a citizen of Delaware, and Defendant Manning is a citizen of Georgia. Therefore, on its face, this Court does not appear to have subject matter jurisdiction because the parties are not completely diverse.

Wal-Mart contends, however, that Manning was fraudulently joined in order to defeat complete diversity of the parties. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs, 154 F.3d at 1287. To prove

fraudulent joinder, Wal-Mart must show that either "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation marks omitted). If Wal-Mart shows fraudulent joinder by clear and convincing evidence, the Court must dismiss Manning from the action and deny Plaintiff's Motion to Remand. Florence v. Crescent Res., LLC, 484 F.3d 1293, 1297 (11th Cir. 2007); Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (clear and convincing standard).

The Court must evaluate all factual allegations and controlling law in the light most favorable to Plaintiff. Crowe, 113 F.3d at 1538. For purposes of determining fraudulent joinder, the Court may consider not only the pleadings at the time of removal, but also affidavits and deposition transcripts submitted by either party. Crowe, 113 F.3d at 1538; see Legg v. Wyeth, 428 F.3d 1317, 1323 (11th Cir. 2005) ("as in our other cases addressing fraudulent joinder, we found it entirely proper for the district court to consider affidavits submitted by the defendants . . . and we [took] them into account in deciding the limited question of whether a possibility exists." (internal quotation marks and citation omitted)).

Plaintiff alleges that Manning is liable for active negligence and misfeasance. Active negligence exists when an employee owes a duty to a third party and that employee's negligent acts or omissions cause the third party's injuries. Bruno's Food Stores, Inc. v. Taylor, 228 Ga. App. 439, 444 491 S.E.2d 881, 887 (1997). Misfeasance exists when an employee fails to use reasonable care and diligence in the exercise of a duty owed to a third party. Hoppendietzel v. Wade, 66 Ga. App. 132, 17 S.E.2d 239, 242 (1941). As Plaintiff points out in his Motion to Remand, the "[l]iability in

those cases is predicated upon breach of a duty owed by the agent to the injured party." [Doc. 4 (citing Reed v. Arrington-Blount Ford, Inc., 148 Ga. App. 595, 597, 252 S.E.2d 13, 15 (1979)].

In this case, Plaintiff cannot establish a cause of action against Manning for active negligence or misfeasance. Plaintiff seeks to hold Manning, the current store manager, liable for alleged acts of negligence that occurred two years earlier when he was not working at the store. Manning did not owe a duty towards Plaintiff at that time because he was neither the store manager of the premises nor employed by Wal-Mart. See, e.g., Poll v. Deli Mgmt., Inc., No. 1:07-CV-0959-RWS, 2007 WL 2460769, *6 (N.D. Ga. Aug. 24, 2007) (holding that an agent of employer is "exonerated [of liability] if he is not a party to the tort"). Therefore, no possibility exists that Plaintiff has a cause of action against Manning for active negligence or misfeasance because he cannot establish the essential element that a duty was owed to Plaintiff by Manning at the time of the incident. See McKenna Long & Aldridge, LLP v. Keller, 267 Ga. App. 171, 173 598 S.E.2d 892, 894 (2004) (holding that a duty must be shown before plaintiff may recover in a negligence suit because "[t]his is essential in establishing the *element of duty that is necessary to every lawsuit based upon a theory of negligence*." (internal quotation marks and citation omitted)).

Plaintiff offers no evidence to contradict Manning's Affidavit. When Defendant's Affidavit is undisputed by Plaintiff, the Court cannot then resolve the facts in Plaintiff's favor based solely on the unsupported allegations in Plaintiff's complaint. Legg, 428 F.3d at 1323. Therefore, Wal-Mart satisfies its burden for showing fraudulent joinder. As a result, Defendant Manning must be dismissed as a party to this suit, thereby giving the Court proper jurisdiction over this action.

## CONCLUSION

After considering the Motion and arguments of the parties, the Court finds that Defendant

Wal-Mart has met its burden of showing that Plaintiff's joinder of Defendant Manning was fraudulent. Therefore, the Court **DENIES** Plaintiff's Motion to Remand and **DISMISSES** Defendant Damon Manning from this action.

**SO ORDERED** this 12th day of March, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

APG/ssh