IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JIMMY WOODARD, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES EAST, LP, <br> and DAMON MANNING, <br><br> Defendants. | CIVIL ACTION FILE NO. <br> NO: 5:09-CV-428 (CAR) |

### *ORDER ON MOTION FOR MEDICAL EXAMINATION*

Before the Court is Defendants' Motion for Medical Examination [Doc. 16] pursuant to Rule 35 of the Federal Rules of Civil Procedure. Plaintiff filed a Response [Doc. 19] contending that Defendants' choice of a doctor in Atlanta, Georgia, to conduct the exam places an undue travel burden on Plaintiff. Defendants replied [Doc. 20], and the Motion is now ripe for review. Because the Court finds the proposed location for the examination reasonable, Defendants' Motion is hereby **GRANTED**, and a protective order is unwarranted.

### Background

Plaintiff sued Defendants after he tripped and fell at a Wal-Mart in Macon, Georgia. He alleges that the fall caused injuries to his neck and back and exacerbated a preexisting condition in his shoulder. The parties agree that his physical condition is at issue in the case.

Doctors chosen by Plaintiff have already examined him. Defendants now seek to have Dr. Warner Wood assess his condition. Dr. Wood graduated from Princeton

University and the University of Virginia Medical College. His practice is located in Atlanta, Georgia, where he has specialized in orthopedic surgery for forty years.

Defendants stipulate that the exam will be noninvasive with all results provided to Plaintiff. Dr. Wood would conduct the exam at a time convenient to Plaintiff and his counsel. Defendants will pay all costs related to the exam and have offered to cover any travel expenses incurred by Plaintiff for travel to and from the exam.

Plaintiff avers that he would need to travel 100 miles to see Dr. Wood and that Atlanta, Georgia, is located outside the Court's jurisdiction.[1] Plaintiff further claims that at least 20 orthopedists practice in the Macon area. For these reasons, he concludes that a trip to Atlanta for the examination constitutes an undue travel burden. Plaintiff asks that the Court issue a protective order requiring Defendants to choose a doctor in the Macon area or have Dr. Wood travel to Macon for the examination.

Defendants have submitted evidence of Plaintiff's travel habits taken from his deposition. Plaintiff drove his automobile to Indiana for a church meeting in early 2009. Shortly thereafter he drove his truck to Texas with a friend. Finally, Plaintiff rode with friends to Florida for an annual fishing trip in 2008 and 2009.

## Legal Standard

"When the . . . physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical . . .

---

[1] The Court takes judicial notice that the Middle District of Georgia covers a band of counties that runs approximately 300 miles across the state and borders Florida, Alabama, and South Carolina.

examination by a suitably licensed or certified examiner . . . ." Fed. R. Civ. P. 35. The movant must show good cause and notify all parties, including the person to be examined, and the movant's motion must "specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Id.

The parties have stipulated that Plaintiff's physical condition is at issue. Plaintiff does not dispute Dr. Wood's qualifications or that Defendants have satisfied the notice requirements. As such, Defendants have met their burden of showing good cause for conducting the examination. The only question for the Court to consider, therefore, is whether the location of the exam in Atlanta, Georgia, places an undue travel burden on Plaintiff that the Court may relieve by issuing a protective order. See Fed. R. Civ. P. 26(c).

The party seeking an independent medical examination is entitled to choose the physician absent valid objections to the selection. Drigger's v. Vezer's Precision Indus. Constr. Int'l, 2007 WL 1655612 (N.D. Fla.). Even with the availability of a plaintiff's medical records, a defendant generally deserves "the benefit of an examination by a physician whose judgment [that defendant's] counsel knows and respects." Bennett v. White Laboratories, Inc., 841 F. Supp. 1155, 1158 (M.D. Fla. 1993). The ultimate determination with respect to the proposed parameters of the exam is left entirely to the Court's sound discretion. Stuart v. Burford, 42 F.R.D. 591, 592 (N.D. Okla. 1967). To satisfy Rule 35, the Court may place special conditions on an examination by entering a protective order pursuant to Rule 26(c). Calderon v.

Reederei Claus-Peter Offen GmbH & Co., 258 F.R.D. 523, 525 (S.D. Fla. 2009).

**Analysis**

The court in Drigger's faced a similar situation to the one in this case. Although the Drigger's litigation took place in the Northern District of Florida where the plaintiff resided, the court found it appropriate to require the plaintiff to travel approximately 150 miles for a medical examination in Orlando, Florida, which is in the Middle District of Florida. Id. at 1. The court noted that restricting such examinations to an area within the same federal judicial district could, in itself, expose parties to undue travel burdens. Id. For instance, such a rule would preclude examinations in conveniently located but out-of-district urban centers. Id.

Much like Orlando's central location makes the city convenient to much of Florida, the city of Atlanta is the urban hub in the state of Georgia. While various points within the Middle District are separated by over 300 miles of less-traveled county and state roads, downtown Macon is just 85 miles from the center of Atlanta along a multi-lane interstate highway. Atlanta's distance from Macon and location outside the Middle District, therefore, does not impose an undue travel burden on Plaintiff, especially since Defendants have offered to cover any travel costs incurred by Plaintiff.

Plaintiff's own travel habits, moreover, indicate that a drive to Atlanta would not impose an undue burden or hardship on him personally. He has taken multiple out-of-state road trips since the accident. Plaintiff cites no case in the Eleventh Circuit in support of his position that an examination less than 100 miles from his

home constitutes an undue burden. The Court has seen no such case. Compare Drigger's, 2007 WL 1655612 at 1 (allowing exam to take place 150 miles from plaintiff's home) with Bennett, 841 F. Supp. at 1159 (refusing to require plaintiff to travel 350 miles for examination). Here, Plaintiff has not shown any undue burden.

On the other hand, having Dr. Wood pick up his practice and come to Macon solely to examine Plaintiff would be unreasonable to him and would impose a much greater financial burden on Defendants. Defendants have made clear that they know and respect Dr. Wood's professional judgment. He is without question suitably licensed. As such, conducting the examination in Atlanta is warranted.

## Conclusion

After thus balancing the competing factors in this case, the Court is satisfied that Defendants' choice of an examining physician in Atlanta is justified despite the availability of qualified orthopedists in Macon. Defendants' Motion is hereby **GRANTED**, and no protective order will issue. Defendants will cover all costs for the examination as well as Plaintiff's travel costs.

**SO ORDERED,** this 26th day of August, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

THC